UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KARL A. FLEMING,

            Petitioner,

            v.

WARDEN,

            Respondent.

CAUSE NO.: 3:19-CV-560-JD-MGG

OPINION AND ORDER

Karl A. Fleming, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his disciplinary sanctions in case WCC-18-09-0273 where a Disciplinary Hearing Officer (DHO) found him guilty of sexual conduct in violation of Indiana Department of Correction offense B-216. ECF 4 at 1. Fleming indicates that he did not lose any earned credit time and was not demoted in credit class because his sanctions were suspended until January 24, 2019, and those suspended sanctions were never imposed. *Id.*; *see also* ECF 4-2 at 4. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Fleming argues that he did not receive a fair disciplinary hearing or appeal process because he did not have access to the psychiatric services to which he was entitled pursuant to his mental health code. He also argues that he was under duress during the relevant time period and was subjected to reprisal from the officers

involved.[1] However, Fleming does not represent that he ultimately lost earned credit

time or that he was demoted in credit class as a result of these proceedings. "[A] habeas

corpus petition must attack the fact or duration of one's sentence; if it does not, it does

not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351

(7th Cir. 2009). Here—according to Fleming's own allegations—this disciplinary

hearing did not result in the lengthening of the duration of his confinement, so habeas

corpus relief is not available.

Because Fleming has not asserted a valid claim for habeas relief, the habeas

petition will be denied. If Fleming wants to appeal this decision, he does not need a

certificate of appealability because he is challenging a prison disciplinary proceeding.

*See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not

proceed in forma pauperis on appeal because the court finds, pursuant to 28 U.S.C. §

1915(a)(3), that an appeal in this case could not be taken in good faith. Nevertheless, if

Fleming files a notice of appeal, he may ask the United States Court of Appeals for leave

to proceed in forma pauperis by filing a motion with the Circuit Court along with a

copy of this order demonstrating that he has already been denied leave to proceed in

forma pauperis by the District Court.

For these reasons, the court:

(1) DISMISSES the amended habeas corpus petition (ECF 4);

(2) DIRECTS the clerk to enter judgment and close this case; and

---

[1] Fleming raises many of these same arguments in his civil rights case, which is currently pending
before Judge Damon R. Leichty. *See Fleming v. I.D.O.C., et al.*, 3:19-CV-646-DRL-MGG, filed Aug. 14, 2019.

(3) DENIES Karl A. Fleming leave to proceed in forma pauperis on appeal.

SO ORDERED on November 26, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT
